UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| S.C. AND B.C., INDIVIDUALLY AND AS NEXT FRIENDS TO C.C., A MINOR<br>    PLAINTIFFS,<br><br>VS.<br><br>ROUND ROCK INDEPENDENT SCHOOL DISTRICT; THERESA PROCTOR, INDIVIDUALLY; AND JOSEPH GRUBBS, INDIVUDALLY,<br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. A-19-CV-1177-SH<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT ROUND ROCK INDEPENDENT SCHOOL DISTRICT'S FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Round Rock Independent School District ("RRISD" or the "District"), and files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in the above-referenced matter, and would respectfully show unto the Court as follows:

**I.   Background**

Plaintiffs' allege causes of action under Section 504 of the Rehabilitation Act of 1973 (42 U.S.C. § 794) (hereafter, Section 504) and Title II of the Americans With Disabilities Act (42 U.S.C. § 12131 *et. seq*) (hereafter, the ADA). *See* Plaintiffs' Amended Complaint ¶¶ 1, 49, 52-53. Plaintiffs also make claims under the due process and equal protection clauses of the Fifth Amendment as applied to the states through the Fourteenth Amendment, and assert a private right of action under Title VII of the Civil Rights Act of 1964 as amended (hereafter, Title VII) and

1

parenthetically, under "(42 U.S.C. § 1983)" (hereafter, Section 1983). *See* Plaintiffs' Amended Complaint ¶¶ 1, 54.

Plaintiffs assert that C.C., a student at RRISD's McNeil High School, suffers from Anorexia Nervosa and that Defendants, including RRISD employees, exacerbated her medical condition. *See* Plaintiffs' Amended Complaint ¶¶ 9-10, 15-20, 23, 25. Plaintiffs allege that in the Fall of 2018, Theresa Proctor, a McNeil High School journalism teacher, exploited C.C.'s health condition by making C. C. the subject of a feature article in the high school yearbook concerning mental illness. *See* Plaintiffs' Amended Complaint ¶ 18, 20, 45. More specifically, Plaintiffs allege that Proctor assigned upper class students to interview and photograph C.C. with a view to developing the article. Plaintiffs' Amended Complaint ¶ 18. Plaintiffs allege that C.C. submitted to peer and faculty pressure and participated in the interviews and allowed photographs to be taken of her for the article. Plaintiffs' Amended Complaint ¶ 20. Plaintiffs allege the photographs and "gossipy rumors" of Clarissa's condition soon began appearing on internet social media such as Facebook and Instagram. Plaintiffs' Amended Complaint ¶ 20. As a result, Plaintiffs allege C. C. stopped eating and lost weight. *See* Plaintiffs' Amended Complaint ¶¶ 21-22, 25.

Plaintiffs allege that *after the fact*, on January 23, 2019, C.C.'s parents notified McNeil High School Assistant Principal, Joseph Grubbs of the events described above, and that a day later they notified McNeil's Principal Amanda Johnson about what had occurred in Proctor's journalism class. *See* Plaintiffs' Amended Complaint ¶¶ 23-24. Plaintiffs allege that the events in question caused C.C. to go into a mental and physical "tailspin," and in late January of 2019, C.C.'s parents removed C.C. from McNeil High School and sent her for treatment at two treatment facilities. *See* Plaintiffs' Amended Complaint ¶¶ 25-27.

## II. Federal Rule of Civil Procedure 12(b)(6) Standard of Review

Rule 12(b)(6) allows for dismissal of an action for failure to state a claim upon which relief may be granted if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that the defendant may be liable. *Iqbal,* 556 U.S. at 678. A court can choose to disregard pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. If the allegations are merely "conclusory," they are not entitled to be assumed true. *Id*. Even if a court decides that the factual allegations are entitled to an assumption of truth, the facts pled must also "plausibly give rise to an entitlement to relief." *Id*. Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. Plaintiffs Cannot State A Valid Section 504 Claim or ADA Claim

*Section 504* prohibits discrimination against a person "with a disability . . . solely by reason of her or his disability . . . under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). *The ADA* provides that "[n]o qualified individual with a disability shall, by reason of such disability . . . be subjected to discrimination by any entity." 42 U.S.C. § 12132. In this case, Plaintiffs imply, in conclusory fashion, that a RRISD employee (Proctor) discriminated against C.C. because of her disability, namely Anorexia Nervosa. *See* Plaintiffs' Amended Complaint ¶¶ 16-18, 44-45, 49-53. *In sum, Plaintiffs' Amended Complaint focuses on alleged disability discrimination*. *Id*.

In the Fifth Circuit, courts apply the same analysis to Section 504 and ADA claims. *See Kemp v. Holder*, 610 F.3d 231, 234-35 (5th Cir. 2010) (holding that Section 504 claims and ADA claims "are judged under the same legal standards"); *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002) (same). To sustain a compensatory damages claim for disability discrimination under Section 504 or the ADA, a plaintiff's complaint must plausibly demonstrate: (1) that they are a qualified individual with a disability; (2) that they have been discriminated against by a public entity; and, (3) that such discrimination is by reason of their disability. *See Doe v. Columbia-Brazoria Ind. Sch. Dist.*, 855 F.3d 681, 690 (5th Cir. 2017). *Delano-Pyle* requires that the discrimination be "intentional." *Delano-Pyle*, 302 F.3d at 574 ("A plaintiff asserting a private cause of action for violations of the ADA or the RA [Section 504] may only recover compensatory damages upon a showing of intentional discrimination.").

*Delano-Pyle*, does not require a plaintiff to prove a government entity's "deliberate indifference" in responding to alleged intentional discrimination by one of its employees in a Section 504/ADA case. *Id.* at 575 ("There is no 'deliberate indifference' standard applicable to public entities for purposes of the ADA or the RA [Section 504]."). Rather, *Delano-Pyle*, allows for vicarious liability "upon a showing of intentional discrimination." *Id.* at 574. *Delano-Pyle*'s standard has often been questioned—leaving litigants to wonder what proof is required to show "intentional discrimination", and defendants seeking to have some notice and opportunity to cure and comply before being held liable. *See* Brief of Amici Curiae, Texas Association of School Boards (TASB)[1] and Texas Association of Counties, *Plainscapital Bank v. Keller Ind. Sch. Dist.*,

---

[1] TASB's brief urged that the Supreme Court's standard for Title IX cases from *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998) should also apply to Section 504 and ADA claims. *See* TASB Amici Brief at 7. TASB asserted that "[b]y requiring actual knowledge of discrimination coupled with a deliberately indifferent response, the high court [in a Title IX cases] sought to ensure that school districts would only be liable in damages for 'an official decision . . . not to remedy the violation,' and not 'for its employees' independent actions.'" *Id.* quoting *Gebser*, 524 U.S. at 290-91. The majority of federal circuit courts that have considered discrimination claims under Section 504 and/or the ADA have adopted actual notice and deliberate indifference requirements. *Id.* at 10-15, n. 36. In fact,

In the United States Court of Appeals for the Fifth Circuit, Cause No. 16-11802, Docket Item No. 00514194120 (October 12, 2017) (hereafter, TASB Amici Brief).  Some courts have even proclaimed that "[w]hat constitutes intentional discrimination [in a disability discrimination case] is undecided in the Fifth Circuit." *See, e.g., Cadena v. El Paso Cty.*, 2018 U.S. Dist. LEXIS 22371, at *8 (W.D. Tex. Feb. 12, 2018), *aff'd in part and rev'd in part*, 2020 U.S. App. LEXIS 81, at *9 (5th Cir. 2020) (noting that [the Fifth Circuit] has "hesitated to delineate the precise contours of the standard for showing intentionality") (citation omitted).

In *Plainscapital Bank v. Keller Ind. Sch. Dist.*, 746 Fed. Appx. 355 (5th Cir. 2018), the Fifth Circuit recently declined to decide whether deliberate indifference is an essential element of a plaintiff's Section 504/ADA case and did not overrule or further clarify *Delano-Pyle*.  *See Plainscapital*, 746 Fed. Appx. at 364 ("We need not reach the issue of whether *Delano-Pyle* is vulnerable . . . .").  Instead, in finding for Keller ISD, the *Plainscapital* Court concluded that the evidence did "not support a factual link between [the student's] injuries and any action or inaction by Keller [ISD or its employees] that qualifies as intentional discrimination." *Id*. at 361.  Similarly, *in this case*, while Plaintiffs' various allegations[2] may set out sufficient facts to state a plausible common law negligence claim for Proctor's independent actions; none of Plaintiffs' allegations regarding "any action or inaction by [RRISD or its employees]" would allow the Court to "draw the reasonable inference" that any such action or inaction "qualifies as intentional discrimination" against C.C.  *Id*.; *Iqbal*, 556 U.S. at 678.  Thus, while Plaintiffs' Amended Complaint may have

---

"every [other] circuit that has reached the question of what standard to apply for 'intentional discrimination' has concluded that 'deliberate indifference' is the proper standard." *McCollum v. Livingston*, 2017 U.S. Dist. LEXIS 76922 at *7, n.3 (S.D. Tex. 2017).

[2] Plaintiffs describe RRISD employees' actions variously as "unprofessional[]"; "with a blind eye"; "reckless indifference"; "should have known better"; and as "reckless conduct."  *See* Plaintiffs' Amended Complaint ¶¶ 24, 45-46, 49 and 50.  All these allegations sound in negligence.  None of the allegations made by Plaintiffs fairly "qualif[y] as intentional discrimination" against C.C.  *See Plainscapital*, 746 Fed. Appx. at 361.

properly pleaded sufficient facts for a common law tort case[3], Plaintiffs cannot plausibly state a cognizable cause of action under Section 504 or the ADA for intentional discrimination; therefore, Plaintiffs' claims should be dismissed even under *Delano-Pyle's* standard. *Id*.

More recently, a federal district court considering *Delano-Pyle's* "intentional discrimination" standard held that Fifth Circuit jurisprudence required that to bring a successful Section 504/ADA claim "the plaintiff must link the discrimination claims to some evidence of *prejudice, ill-will, or spite* . . . ." *See Washington ex rel. J.W. v. Katy Ind. Sch. Dist.*, 403 F.Supp.3d 610, 622 (S.D. Tex. 2019) (emphasis added). In this case, Plaintiffs have not, and cannot, plausibly assert that Proctor (or any RRISD employee) acted out of "prejudice, ill-will or spite" against C.C. To the contrary, Plaintiffs' Amended Complaint asserts that C.C. "was doted on and over" by Proctor. *See* Plaintiffs' Amended Complaint ¶ 43. Indeed, Plaintiffs' allegations do not provide "any inference" that the series of events leading to C.C.'s "tailspin" (as described by Plaintiffs' Amended Complaint) was "motivated by ill will prejudice, or spite." *Id*. at 623. While perhaps Proctor "should have known better" as Plaintiffs allege in Paragraph 49 of their Amended Complaint, Plaintiffs cannot plausibly "link" the allegations they have made in this case to any "prejudice, ill-will or spite" against C.C. to meet the "intentional discrimination" standard required for Section 504 and ADA claims. *Id.* at 622.

Even if the Court were to find that Plaintiffs have sufficiently pleaded intentional discrimination by a District employee(s), Plaintiffs' Section 504 and ADA claims against RRISD still fail because the District did not have actual notice of the events in question until *after the fact* when C.C.'s parents complained to McNeal High School administrators. *See* Plaintiffs' Amended Complaint ¶¶ 23-24. Shortly after its decision in *Plainscapital,* the Fifth Circuit considered

---

[3] Neither Section 504 or the ADA create "general tort liability for educational malpractice." *See D.A. v. Houston Ind. Sch. Dist.*, 629 F.3d 450, 454 (5th Cir. 2010).

whether proof of "intent" under *Delano-Pyle* "requires that the defendant at least have actual notice of a [Section 504 or ADA] violation." *See Miraglia v. Board of Supervisors of the La. State Museum*, 901 F.3d 565, 575 (5th Cir. 2018). In answering the question affirmatively, the Fifth Circuit held that "a defendant *must have notice* of the [alleged] violation before intent will be imputed." *Id*. By their Amended Complaint, Plaintiffs assert facts that reveal only after-the-fact notice to District administrators about Proctor's actions. *See* Plaintiffs' Amended Complaint ¶¶ 23-24. However, under *Delano-Pyle* vis-à-vis *Miraglia*, Plaintiffs must establish that the District had *actual notice* of Proctor's actions for Proctor's actions to "be imputed" to RRISD for the District to be held vicariously liable under the Section 504 or the ADA. *Id*. at 575-76. Because Plaintiffs have not and cannot plausibly assert actual notice in this case, their Section 504 and ADA claims against the District must fail.

Because Plaintiffs' Amended Complaint does not "not support a factual link between [C.C.'s] injuries and any action or inaction by [RRISD or its employees] that qualifies as intentional discrimination" against C.C., their Section 504 and ADA discrimination claims against the District must fail under *Delano-Pyle's* standard. *See Plainscapital*, 746 Fed. Appx. at 361. Moreover, none of Plaintiffs' allegations can plausibly link the actions of Proctor, or of any RRISD employee, to "prejudice, ill-will, or spite" against C.C. and her disability as required by Fifth Circuit jurisprudence. *See Washington ex rel. J.W.*, 403 F.Supp.3d at 622. And, regardless, because RRISD did not have actual notice of Proctor's actions until after the fact, the District cannot be liable in this case under Section 504 or the ADA. *See Miraglia*, 901 F.3d at 575-76. Accordingly, Plaintiffs' Section 504 and ADA claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

### IV.     Plaintiffs Cannot State A Valid Title VII Claim

Title VII only applies to employment cases. *See Lewis v. Baton Rouge Police Dep't*, 2015 U.S. Dist. LEXIS 7240, at *16 (M.D. La. 2015). There is no employment relationship between Plaintiffs and the District. Plaintiffs have not alleged that there is (or was) an employment relationship between them and RRISD in their Amended Complaint, and they cannot credibly do so. Because Plaintiffs cannot state a plausible Title VII claim, it should be dismissed. *Id*.

### V.     Plaintiffs Cannot State A Valid Section 1983 Claim[4]

As a threshold matter, and in addition to the discussion above regarding the invalidity Plaintiffs' Title VII claim, Plaintiffs may not bring a Title VII claim under Section 1983 as they have attempted to do via their Amended Complaint. *See Grady v. El Paso Cmty. Coll.*, 979 F.2d 1111, 1113 (5th Cir. 1992) (holding that Title VII cannot serve as the basis for a civil rights action under Section 1983). Further, and as another threshold matter, Plaintiffs should not be able to sustain their suit under Section 1983 given the focus and premise of their claims. *See Lollar v. Baker*, 196 F.3d 603, 609-10 (5th Cir. 1999) (holding that Section 504 and the ADA cannot be enforced via Section 1983). Plaintiffs should be barred from using the general statutory vehicle of Section 1983 to bring their suit—given the focus (disability discrimination) of their claims—as their particular claims are specifically governed by the statutory schemes of Section 504 and the ADA. *Id*. Both Section 504 and the ADA "provide extensive, comprehensive remedial frameworks that address every aspect of [Plaintiffs' claims] . . . . To permit a plaintiff to sue under the[se] substantive statutes . . . as well as section 1983 would be duplicative at best; in effect such a holding would provide the plaintiff[s] with two bites at precisely the same apple." *Id*. at 610.

---

[4] The Court previously held that "Plaintiffs have abandoned their § 1983 claim" in response to Proctor's Motion to Dismiss. *See* Docket Item 22 at p. 14. Out of an abundance of caution, the District will presume that the Court's ruling about Plaintiffs' abandonment of their Section 1983 claim was limited to their claim against Proctor. Regardless, and as explained herein, Plaintiffs' Section 1983 claim against the District should be dismissed.

Nevertheless, Plaintiffs' Section 1983 claim should fail because their Amended Complaint's vague and conclusory claims "pursuant to the due process and equal protection clauses" fail to assert sufficient facts to "state a [Section 1983] claim . . . that is plausible on its face." *Twombly*, 550 U.S. at 570.  Section 1983 provides a cause of action to persons who, under color of law, have been deprived "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  To bring a valid Section 1983 claim, a plaintiff must (1) allege *a violation of a right secured by the Constitution* or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *Jones v. Houston Ind. Sch. Dist.*, 805 F. Supp. 476, 479 (S.D. Tex. 1991), aff'd, 979 F.2d 1004 (1992).

As yet another threshold matter—besides the threshold matters of not allowing a Title VII claim to be brought under Section 1983 and of disallowing Plaintiffs' attempt at "two bites at the apple" by asserting their Section 504 and ADA claims under Section 1983 as prohibited by *Lollar*—Plaintiffs' Section 1983 claim should be dismissed because Plaintiffs have not alleged the violation of a right secured by the Constitution.  *See Whitley*, 726 F.3d at 638; *Doe v. Covington*, 675 F.3d 849, 866-67 (5th Cir. 2012) ("We have stated time and again that '[w]ithout an underlying constitutional violation, an essential element of liability [for a § 1983 claim] is missing.'") (quoting *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997).  Section 1983 does not provide a litigant with a substantive right; rather, it is a remedial vehicle for claims of constitutional dimension.  *Id*. Here, Plaintiffs have not alleged, and cannot establish, the violation of a right secured by the Constitution.  More specifically, Plaintiffs have not identified any actions by RRISD that denied C.C. a property right, that implicate her Constitutional rights of due process, or that support an equal protection claim.  Not to minimize Plaintiffs' allegations regarding C.C.'s circumstances,

but Plaintiffs' Amended Complaint simply does not articulate a right secured by the Constitution. Consequently, Plaintiffs' Section 1983 claim should be dismissed. *See Whitley*, 726 F.3d at 638; *Covington*, 675 F.3d at 866-67.

While the facts alleged are unfortunate, Plaintiffs' Amended Complaint, "at best", asserts that a District employee(s) may have been negligent. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). However, "Section 1983 imposes liability for violations of rights protected by the Constitution, *not for violations of duties of care arising out of tort law*." *Baker v. McCollan*, 443 U.S. 137, 146 (1979) (emphasis added). The Fifth Circuit has echoed the Supreme Court and emphasized that: "Section 1983 imposes liability for violations of rights protected by the Constitution, *not* for violations . . . arising out of tort law." *Covington*, 675 F.3d at 858 (emphasis added). Because Plaintiffs have failed to identify a Constitutional right violated by the District, their Section 1983 claim should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

Even if the Court were to presume that Plaintiffs had asserted the violation of a right secured by the Constitution, the District cannot be liable for the alleged acts or omissions of its employees under Section 1983 under the theory of *respondeat superior*. *See Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). "A school district has no vicarious liability under § 1983. Rather, it is liable for the unconstitutional conduct of its policymaker[] [and] persons to whom [the policymaker] has delegated policymaking authority in certain areas." *Barrow v. Greenville Indep. Sch. Dist.*, 480 F.3d 377, 380 (5th Cir. 2007). "The unconstitutional conduct must be directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated unconstitutional actions by [government] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Spann v. Tyler Ind. Sch. Dist.*, 876 F.2d 437, 438 (5th

Cir. 1989) ("a [school district] cannot be held liable solely because it employs a tortfeasor or,--in other words, [a school district] cannot be held liable under section 1983 on a *respondeat superior* theory.") (citation omitted).

Plaintiffs' Amended Complaint, time and again, complains about the alleged conduct of District employees; however, under Section 1983, a plaintiff must complain of actions beyond the alleged negligence of school district personnel. *Id.* A plaintiff must specifically identify: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Thus, to support a claim under Section 1983 against RRISD, Plaintiffs must plead more than alleged deficient actions of District employees, and "must identify a [District] policymaker with final policymaking authority and a policy that is the 'moving force' behind the alleged constitutional violation." *Rivera v. Houston Ind. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003); *Brown*, 520 U.S. at 403-04 (1997) ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct attributable to the [school district]. The plaintiff must also demonstrate that, through its deliberate conduct, the [school district's policy maker] was the 'moving force' behind the injury alleged."). Texas law provides that a school district's board of trustees is the only policy maker for a school district like RRISD. *See* TEX. EDUC. CODE § 11.151(b) (providing that a school board has "the *exclusive* power and duty to govern and oversee the management of the public schools of the district.") (emphasis added); *see also Rivera*, 349 F.3d at 247; *Jett v. Dallas Ind. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993). Texas school administrators, principals, teachers, and other school employees do not have final policy-making authority in a school district. *Jett*, 7 F.3d at 1245.

Plaintiffs' Amended Complaint wholly fails to identify any RRISD Board of Trustee's policy or custom that was the "moving force" behind the events alleged by Plaintiffs or of Plaintiffs' vague and conclusory claims that C.C. was deprived of "due process and equal protection." *See* Plaintiffs' Amended Complaint ¶ 54. Instead, Plaintiffs' Amended Complaint specifically blames a RRISD teacher, an assistant principal, "its employees", its "faculty", and "school officials" for the harm to C.C. *See* Plaintiffs' Amended Complaint ¶¶ 15-20, 24, 42, 44-46, and 49-50. Plaintiffs' conclusory allegations are absent any specific or credible assertion that the RRISD Board of Trustees ever adopted an official policy or acquiesced to a widespread District custom that deprived C.C. of a right secured by the Constitution including due process or equal protection. *See Brinsdson v. McAllen Ind. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017).

Moreover—and although Plaintiffs do not reference *any* Board policy or widespread custom—the mere allegation that either a policy or custom exists and that any such custom was authorized by the RRISD Board of Trustees is insufficient to state a cause of action under Section 1983. *See Rivera*, 349 F.3d at 247-48; *see also Piotrowski*, 237 F.3d at 578 (government entity is liable only for acts directly attributable to entity "though some official action or imprimatur."). Plaintiffs have failed to plead *any* facts for the Court to draw *any* inference that the Board of Trustees delegated *any policymaking* authority to its faculty or administrators at McNeil High School. While a government entity may be held liable if it delegates its *policymaking authority*, it cannot be held liable if it delegates *decision making authority*. *Jett*, 7 F.3d at 1246-47. There is a "sharp[] distinct[ion] between decisionmakers" at a local campus and "final policymakers" on a school board. *Id.* at 1247. Simply asserting that McNeil High School campus employees made poor decisions regarding C.C. does not give rise to District liability under Section 1983. *Id.*

*Even if* Plaintiffs alleged a violation of a right secured by the Constitution, because Plaintiffs have failed to allege any facts that the RRISD Board of Trustees was the "moving force" behind their vague due process and equal protection claims, Plaintiffs have failed to state a plausible Section 1983 claim against the District. *See Piotrowski*, 237 F.3d at 578. Therefore, Plaintiffs' Section 1983 claim should be dismissed pursuant to FED. R. CIV. P. 12(b)(6). *See Iqbal*, 556 U.S. 662 at 678.

### VI.     C.C.'s Parents' Individual Claims May Not Derive From this Suit

C.C.'s parents have sued "individually" and on behalf of C.C. for "damages"; however, their claims are limited to and dependent on C.C.'s claims. *See* Plaintiffs' Amended Complaint. A suit for loss of consortium may not derive from federal civil rights suit. *See Barker v. Haliburton Co.*, 645 F.3d 297, 299-300 (5th Cir. 2011). Section 1983 and Texas law do not recognize parental loss of consortium claims for non-fatal injuries to a child. *See Moreno v. McAllen Ind. Sch. Dist.*, 2016 U.S. Dist. LEXIS 44108, at *23-24 (S.D. Tex. 2016); *Roberts v. Williamson*, 111 S.W.3d 113, 119-20 (Tex. 2003). Moreover, "[c]ase law relating to parental liberty rights is narrow and largely addresses the right of parents to make critical child-rearing decisions concerning the care, custody, and control of minors." *Moreno v. McAllen Ind. Sch. Dist.*, 2016 U.S. Dist. LEXIS 44108 at *16-18 (S.D. Tex. 2016). Here, C.C.'s parents have not claimed that RRISD interfered with any of their rights to make such critical decisions about their daughter; therefore, their "individual" claims should be dismissed. *Id.*; *see also De Fuentes v. Gonzales*, 462 F.3d 498, 505 (5th Cir. 2006) ("[T]he Supreme Court has protected the parent only when the government directly acts to sever or otherwise affect his or her legal relationship with a child."). In any event, and only if a plausible claim can be stated on behalf of C.C., her parents' claims only arise from and are limited to their claims on behalf of C.C.'s as her next friends.

## VII. Round Rock ISD is Immune from Any Claims Sounding in Tort

At most, Plaintiffs' suit has alleged negligence of District employees. Beyond the bars to general tort liability under Section 504 and the ADA or under a *respondeat superior* theory under Section 1983 as discussed *supra*, RRISD is immune from suit and liability against Plaintiffs' tort claims as a "governmental unit" under Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 101.001, *et seq.*; TEX. EDUC. CODE § 22.051, *et seq.*; *see also Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978); *LeLeaux v. Hamshire-Fannett Ind. Sch. Dist.*, 835 S.W.2d 49, 50 (Tex. 1992).

## VIII. Conclusion and Prayer for Relief

Plaintiffs' Amended Complaint describes a lamentable situation for C.C. However unfortunate the facts alleged may be, Plaintiffs' suit does not state a claim for which relief can be granted under Section 504, the ADA, Title VII, or Section 1983. Moreover, as to any claims sounding in tort, the District is immune from suit and liability. Therefore, Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(6).

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Round Rock Independent School District prays that Plaintiffs' suit be in all things dismissed, that Plaintiffs take nothing by their lawsuit, that Defendant have judgment herein, that Defendant be awarded its costs, including reasonable attorney's fees, and for such other relief, both general and special, at law for which this Defendant may show itself justly entitled.

Respectfully submitted,

**ESCAMILLA & PONECK, LLP**
700 North St. Mary's Street, Suite 850
San Antonio, Texas 78205
(210) 225-0001
(210) 225-0041 – Fax

By:__/s/  Philip Marzec_____
**PHILIP MARZEC**
State Bar No. 13145570
**R. DARIN DARBY**
State Bar No. 05377900
**ATTORNEYS FOR DEFENDANT
ROUND ROCK INDEPENDENT SCHOOL
DISTRICT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon the following individual(s) through the Notice of Electronic Filing through the Case Management/Electronic Case Files system (CM/ECF) of the U.S. District Clerk for the Western District of Texas, on this the 15th day of April, 2020:

John Judge
jjudge@jkplaw.com
Judy Kostura
jkostura@jkplaw.com
Judge, Kostura & Putman, P.C.
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Telephone: (512) 328-9099
Facsimile: (512) 328-4132
**ATTORNEYS FOR PLAINTIFF**

Sara Hardner Leon
sleon@saraleonlaw.com
Hans P. Graff
hgraff@saraleonlaw.com
Sara Leon & Associates, LLC
2901 Via Fortuna, Suite 475
Austin, Texas 78746
Telephone: 512.637.4298
Facsimile: 512.637.4245
**ATTORNEYS FOR DEFENDANT THERESA PROCTOR**

/s/ Philip Marzec_____
PHILIP MARZEC