**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| S.C. AND B.C., INDIVIDUALLY § <br> AND AS NEXT FRIENDS TO C.C., § <br> A MINOR CHILD, § <br> *Plaintiffs* § <br> § <br> v. § <br> § <br> ROUND ROCK INDEPENDENT § <br> SCHOOL DISTRICT AND § <br> JOSEPH GRUBBS, INDVIDUALLY, § <br> *Defendants* § <br> § | | Case No.  A-19-CV-1177-SH |

**O R D E R**

Before the Court is Plaintiffs' Unopposed Motion for Leave to File Amended Substantive Pleading, filed May 15, 2020 (Dkt. 31). On March 11, 2020, District Court transferred this case to the undersigned Magistrate Judge for all proceedings and the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73, and Rule CV-72 of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 21.

**I.   General Background**

On December 2, 2019, S.C. and B.C., individually and on behalf of their minor daughter, C.C. (collectively, "Plaintiffs"), filed this disability discrimination lawsuit against Round Rock Independent School District ("RRISD"), Theresa Proctor, and Joseph Grubbs ("Defendants"). Plaintiffs' Amended Complaint alleges claims under Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act, and Title VII of the Civil Rights Act, as well as constitutional claims under the Civil Rights Act, 42 U.S.C. § 1983. Dkt. 4.

On March 25, 2020, the Court granted Defendant Proctor's Motion to Dismiss and dismissed Proctor from this lawsuit, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 22. On

April 15, 2020, Defendant RRISD filed a Motion to Dismiss, which is pending.[1] Plaintiffs oppose in part RRISD's Motion to Dismiss.

In their unopposed motion to amend, Plaintiffs seek to add an invasion of privacy claim under 42 U.S.C. § 1983 pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiffs' Proposed Second Amended Complaint also names Theresa Proctor as a defendant, despite the fact that the Court has already dismissed her from this lawsuit.

## II.     Legal Standards

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). A district court must provide a "substantial reason" to deny a party's request for leave to amend, such as undue delay, bad faith, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Id.*; *see also N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). Absent a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux*, 376 F.3d at 425.

For the futility analysis, courts apply the same standard of legal sufficiency as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light

---

[1] The Court will address RRISD's Motion to Dismiss in a separate order.

most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Twombly*, 550 U.S. at 555 (cleaned up).

The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.*

### III.   Analysis

The Court agrees with Plaintiffs that adding an invasion of privacy claim to their complaint would not prejudice Defendants. The Court finds, however, that reinstating Proctor as a defendant in this case would unduly prejudice her and be futile because she already has been dismissed from this lawsuit for failure to state a claim under Rule 12(b)(6). *Cf. Marshall v. Menchaca*, No. 2:18-CV-44, 2018 WL 3100755, at *2 (S.D. Tex. June 25, 2018) (denying leave to amend to add same defendant that court recommended dismissing in previous report and recommendation); *Davis v.*

*Hinds Cty., Mississippi*, No. 3:16-CV-674-DPJ-FKB, 2017 WL 7792267, at *2 (S.D. Miss. Nov. 29, 2017) (denying motion for leave to amend complaint to reassert claims that the court already dismissed). Plaintiffs raise nothing in their proposed amendments that would cause the undersigned to revisit the March 25, 2020, order dismissing Proctor.

### IV.   Conclusion

Accordingly, Plaintiff's Motion for Leave to File Amended Substantive Pleading is **DENIED** as to adding Proctor as a defendant and **GRANTED** as to adding an invasion of privacy claim under 42 U.S.C. § 1983.

Because the Court permits Plaintiffs to add a new claim, the Court also permits Defendant RRISD to file a Supplement to its Motion to Dismiss to address the new claim. Accordingly, **IT IS ORDERED** that RRISD has until **July 8, 2020** to file a Supplement to its Motion to Dismiss. Plaintiffs and RRISD may file response/reply briefs as per the standard time and page limits of Local Rule CV-7(d).

**SIGNED** on June 23, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE